UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TOMMY L. FINLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-1950 JCH |
| | ) | |
| STANLEY PAYNE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is successive and shall be summarily dismissed.

**Background**

Petitioner was convicted, after a bench trial, of three counts of using the mail with intent that a murder-for-hire be committed in violation of 18 U.S.C. § 1958(a). *See United States v. Finley*, Case No. 4:97CR455 SNL (E.D. Mo July 29, 1998). On appeal petitioner's convictions were affirmed. *United States v. Finley*, Case No. 98-2721 (8th Cir. April 29, 1999). The following year, petitioner sought and was denied relief pursuant to 28 U.S.C. § 2255. *Finley v. United States*, Case No. 4:00CV634 SNL (E.D. Mo. Aug. 3, 2000). After denying a certificate of appealability, the Eighth Circuit Court of Appeals dismissed the appeal. *Finley v. United States*, Case No. 00-3313 (8th Cir. Nov. 13, 2000).

In October 2002, petitioner again sought and was denied relief pursuant to 28 U.S.C. § 2255. *Finley v. Olsen*, No. 4:02CV1523 SNL (E.D.Mo. Feb. 7, 2003). In November 2004, petitioner filed another motion seeking § 2255 relief which was again denied. *Finley v. United*

1

*States*, No. 4:04CV1655 SNL (E.D. Mo .Dec. 9, 2004). In December 2004, petitioner filed another § 2255 motion, contending that his convictions and sentences were void. On February 10, 2005, the motion to vacate was again denied. *Finley v.United States*, No. 4:04CV1818 SNL (E.D. Mo. Feb. 10, 2005). In April 2005, petitioner filed a petition for writ of audita querela[1]. *Finley v. United States*, 4:05CV695 SNL (E.D. April 28, 2005). The Court determined that the Supreme Court's decision in *United States v. Booker*, U.S. (2005), is not the type of post-judgment event for which the writ can be granted and denied his petition for writ of audita querela without prejudice. *Finley v. United States*, 4:05CV695 SNL, 2005 WL 1474113 (E.D. Mo. June 14, 2005).

On July 5, 2006, petitioner Tommy L. Finley filed his pro se writ of habeas corpus petition, brought pursuant to 28 U.S.C. § 2254. *See Finley v. Nixon*, 4:06CV1013 TIA (E.D.Mo September 25, 2009). In his petition, petitioner challenged his Missouri state-court convictions, two counts of possession of a controlled substance, and one count of sexual assault. *State v. Finley*, 136 S.W.3d 823(Mo. Ct. App. 2004). These sentences were to run consecutively with petitioner's federal prison sentence.

On March 11, 2003, petitioner was convicted by a jury in the Circuit Court of St. Louis County, Missouri, of sexual assault, and two counts of possession of a controlled substance and sentenced as a prior and persistent offender to a term of twenty years for each count with the sentences to run concurrently but consecutively with his federal sentence. Petitioner appealed the judgment, and the Missouri Court of Appeals affirmed the judgment on June 15, 2004, finding the State did not violate the anti-shuttling provision of the Interstate Agreement on Detainers when the

---

[1]Audita querela is an old common-law writ which permits a defendant to obtain "'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of judgment.'" *United States v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992) (quoting Charles A. Wright & Arthur Miller, *Federal Practice and Procedure* § 2687, at 325 (1975)).

State secured his presence and transferred him to the St. Louis County Department of Justice and then returned him to federal custody, without bringing the state cause to trial. On September 21, 2004, petitioner filed a pro se motion to vacate. The post-conviction relief court denied the motion to vacate on May 27, 2005. On May 2, 2006, the Missouri Court of Appeals affirmed the denial of petitioner's post-conviction relief. Petitioner pursued no other action for review of his conviction and sentence in state court.

Petitioner brought two grounds for relief in his habeas action in his 2006 habeas action in this Court. *See Finley v. Nixon*, 4:06CV1013 TIA (E.D.Mo September 25, 2009). He asserted that the State of Missouri violated the Interstate Agreement on Detainers ("IAD") by returning him to federal custody before trying him on the state charges and he asserted that his trial attorneys were ineffective for failing to raise the IAD issue. Petitioner alleged:

> The State of Missouri lost jurisdiction on or about August 26, 1998 when this petitioner was returned to the original place of confinement without having had trial. The State of Missouri initiated & activated the Interstate Agreement on Detainers under article IV(a) when is issued a warrant on Jan. 28, 1998 and a writ of habeas corpus ad prosequendum (ordered from the prosecuting attorney's office) on Aug. 6, 1998.

The Court found, in its written opinion, that petitioner, although in federal custody, was incarcerated in a Missouri correctional facility, Jennings Jail, and the charges pending against him were also in Missouri, in particular St. Louis County. While being held in Jennings Jail, petitioner was transferred by writ of habeas corpus ad prosequendum to the St. Louis County Jail where he stayed approximately ten days before being returned to the Jennings Jail. This act of transferring petitioner from the Jennings Jail to the St. Louis County Jail and then retransferring him to the Jennings Jail did not violate the IAD inasmuch as petitioner was transferred intrastate, not interstate. *See State ex rel. Stanley v. Davis*, 569 S.W.2d 202, 210 (Mo. Ct. App. 1978) (IAD not

violated where a federal prisoner in Missouri is transferred to a Missouri court for the limited purposes of arraignment, appearances, and hearings and then returned to the federal facility in Missouri). *Finley v. Nixon*, 4:06CV1013 TIA (E.D.Mo September 25, 2009).

Further, the Court in petitioner's habeas action that petitioner was brought to St. Louis County from the Jennings Jail on a writ of habeas corpus ad prosequendum. The issuance and successful return of a writ of habeas corpus ad prosequendum does not constitute a detainer sufficient to trigger the provisions of the IAD. *United States v. Mauro*, 436 U.S. 340, 349, 361 (1978); *Leisure v. State*, 828 S.W.2d 872, 876-77 (Mo. banc 1992). Likewise, petitioner was a pretrial detainee and not serving a term of imprisonment between January 25, 1998 and July 29, 1998. On January 25, 1998, petitioner remained in custody at the Jennings Jail awaiting trial on the murder for hire charges even though his sentence on the probation violation ended.

On April 28, 1998, petitioner was found guilty in cause 97CR455SNL of three counts of use of the U.S. mails with the intent to facilitate murder for hire and thereafter on July 29, 1998, this Court sentenced him to 216 months imprisonment. As a pretrial detainee, the IAD had no application to petitioner. *See United States v. Pardue*, 363 F.3d 695, 698 (8th Cir. 2004)(observing that the Act does not apply to pretrial detainees). *Finley v. Nixon*, 4:06CV1013 TIA (E.D.Mo September 25, 2009).

## **Discussion**

In the instant petition for writ of habeas corpus, petitioner asserts that the state trial court lost jurisdiction to bring him to trial based on a violation of the IAD, his right to fair trial was violated, and he is actually innocent of the crimes of which he was convicted.

To the extent that petitioner seeks to relitigate claims that he brought in his original petition before this Court, these claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28 U.S.C. § 2244(b)(3)(A).

Petitioner has not been granted leave to file a successive habeas petition in this Court. As a result, the petition shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus is **DENIED AND DISMISSED AS SUCCESSIVE**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this   11th    day of December, 2018.

\s\   Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE